IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 19-cv-00305-RBJ

ALIA REGINA GRIMM,

     Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

     Defendant.

---

## ORDER re EAJA ATTORNEY'S FEES

---

On November 25, 2019 the Court reversed the Commissioner's decision denying Ms. Grimm's application for Social Security Disability Insurance benefits and remanded for reevaluation of the evidence. ECF No. 20. Thereafter plaintiff made two separate applications for awards of attorney's fees. First, on February 19, 2020, she sought an award of fees in the amount of $9,237.11 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 24. That motion was fully briefed. ECF Nos. 25 (response) and 26 (reply). Second, on September 3, 2020 she filed an unopposed motion for an award of fees in the amount of $18,414.25 under 42 U.S.C. § 406(b). ECF No. 27. That motion was granted on September 4, 2020. ECF No. 28.

In October 2021 the Court was informed that the first motion was still pending. *See* ECF No. 29. In response to the Court's inquiry, the parties jointly explained that the Court's order under 42 U.S.C. § 406(b) did not moot the motion for an award of fees under the EAJA. ECF No. 30. However, the EAJA award, which will be smaller than the § 406(b) award, will be

refunded by counsel to the plaintiff. *Id.* The Court apologizes for overlooking the earlier motion.

The positions of the parties are not far apart. As indicated, plaintiff seeks an award of $9,237.11 under the EAJA. ECF No. 24. The Commissioner does not dispute that plaintiff was the prevailing party, and he does not attempt to prove that his position was substantially justified in all respects. *See* ECF No. 25 at 1. The Commissioner does object to the reasonableness of the requested amount but suggests $7,393.83 – mathematically, a 20% reduction – might be reasonable. Neither party has requested a hearing. It is somewhat surprising that a $1,843.28 difference between parties represented by experienced and able Social Security practitioners requires judicial resolution.

The statute provides little guidance in resolving a dispute over the amount of fees, essentially just acknowledging courts' discretion to reduce or deny an award to the extent that the party seeking the award unduly protracted the litigation. *See* 28 U.S.C. § 2412(d)(1)(C). I find more guidance elsewhere. In determining the reasonableness of attorney's fees, the Court first determines the "lodestar," meaning the product of hours reasonably expended times a reasonable hourly rate. The lodestar is presumed to a be a reasonable rate, although it is subject to adjustment by the Court. *See Robinson v. City of Edmund,* 160 F.3d 1275, 1281 (10th Cir. 1998). In determining the reasonableness of the hours and rates, courts often apply the factors

articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974).[1]  The Colorado Rules of Professional Conduct provide a similar list of relevant factors.[2]

Here, plaintiff charged the unusually specific rate of $207.11 per hour, derived from a fixed base of $125 plus an adjustment per the Labor Department's Consumer Price Index.  The Commissioner has no objection to the reasonableness of the rate, nor does this Court.  The time component of the requested award was 44.6 hours.  ECF No. 24 at 7.  Counsel has provided an itemized summary of the time expended.  ECF No. 24-2 at 3.

Defense counsel does not attempt a line by line assessment of the time recorded.  His sense is that a 59-page opening brief was "overkill" and the "Cadillac" of legal representation in that it raised numerous issues as to which the defendant prevailed.  ECF No. 25 at 1-2, 4-8. Counsel also notes that block billing made it difficult to determine how much time was spent on arguably clerical tasks.  *Id.* at 2 and n.1.  Finally, counsel argues that 6.5 hours for a reply brief was unreasonable since it largely repeated plaintiff's prior arguments.  *Id.* at 2, 4, 7.  Many courts have found that 20 to 40 hours are reasonable for routine Social Security cases.  *Id.* at 5. Counsel suggests a 20% reduction of the number of hours recorded, from 44.6 to 35.7 hours.  *Id.* at 2, 9.

---

[1] *Johnson* lists 12 factors for courts to consider in determining reasonableness: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) preclusion of other employment; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney's; (10) the undesirability of the case; (11) the nature and relationship of the professional relationship with the client; and (12) awards in similar cases.  *Id.* at 717-19.

[2] The Colorado Rules of Professional Conduct are found as an Appendix to Chapters 18 to 20, COLORADO COURT RULES – STATE (2018).  These factors identified in Rule 1.5 are (1) time and labor required, (2) likelihood of preclusion of other employment, (3) fee customarily charged in the locality, (4) amount involved and results obtained, (5) time limitations imposed by the client or circumstances, (6) nature and length of the professional relationship, (7) experience, reputation, and ability of the lawyer(s), and (8) whether the fee is fixed or contingent.

Invoking Johnny Cash's "One Piece at a Time," plaintiff's counsel reminds the Court that an appeal of a Social Security Disability claim can be a complex, time-consuming project, and one that not too many lawyers are willing to undertake.  ECF No. 26 at 2-3.  Plaintiff's medical records were vast, counsel's chronology of the same was "concise," there was no block billing, and the reply brief was responsive, not repetitive.  *Id.* at 3-5.  Counsel points out cases where hours of 43.9, 53.55, and 54.4 hours were not deemed excessive.  *Id.* at 5.  Counsel not only stands by every penny but ups the ante, adding 2.2 hours for preparation of the reply and increasing the total requested to $9,692.75.  *Id.* at 6.

The problem, from this Court's perspective, is that while both sides summon abundant general Social Security case law, neither side focuses on the specific hours recorded.  There is no evidence that plaintiff has done a postmortem evaluation of whether any of the time entries might have been unnecessary, as frequently occurs in fee applications.  The Commissioner does not identify specific line items that he regards as excessive other than to suggest that all amounts for the reply brief were excessive.  His 20 percent reduction suggestion is essentially arbitrary.

I have reviewed the time entries.  It is all but impossible to know, for example, whether the hours spent drafting the opening or the reply briefs were excessive.  Nothing on the face of the billing sheet jumps out as obviously unreasonable.  Applying the relevant *Johnson* factors, I find that the case benefitted from Ms. Atkinson's skill and experience in handling similar cases, several of which have crossed my desk; that the result obtained for the plaintiff was favorable and significant; that the fee was contingent upon success in the appeal from an adverse decision by an administrative law judge, thus hardly being guaranteed; and that there have been awards on both sides of 40 hours in other Social Security appeal cases.  I do not have a rational basis for an

adjustment to the lodestar in this case. I do decline, however, to award the additional fees that were first requested in a reply brief to which the Commissioner had no opportunity to respond.

## ORDER

Plaintiff's motion for an award of fees pursuant to the Equal Access to Justice Act, ECF No. 24, is GRANTED. The Court awards $9,237.11, to be refunded by counsel to the plaintiff.

DATED this 18th day of October, 2021.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge